# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON
# AT TACOMA

| | |
|---|---|
| RODDY E. AVERY,<br><br>    Plaintiff,<br><br>v.<br><br>COWLITZ COUNTY, et al.,<br><br>    Defendants. | CASE NO. C15-5074BHS<br><br>ORDER ADOPTING IN PART AND DECLINING TO ADOPT IN PART REPORT AND RECOMMENDATION |

This matter comes before the Court on the Report and Recommendation ("R&R") of the Honorable Karen L. Strombom, United States Magistrate Judge (Dkt. 35), and Plaintiff's objections to the R&R (Dkt. 36).

On December 12, 2016, Defendants moved for summary judgment on Plaintiff's claims for alleged violations of 42 U.S.C. § 1983 and common law negligence. Dkt. 28. On January 9, 2017, Plaintiff responded. Dkt. 31. On January 13, 2017, Defendants replied. Dkt. 33.

On March 15, 2017, Judge Strombom entered the R&R, recommending that the Court grant Defendants' motion for summary judgment. Dkt. 35. On March 29, 2017,

Plaintiff filed an objection to the R&R. Dkt. 36. On April 12, 2017, Defendants responded to the objection. Dkt. 37.

The Court must determine de novo any part of the magistrate judge's disposition that has been properly objected to. The Court may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions. Fed. R. Civ. P. 72(b)(3).

Plaintiff objects to the R&R on the basis that a question of fact exists as to whether Defendants had "good reason to anticipate" that Plaintiff would be injured by his cellmates. Dkt. 36 at 3–6. To support this position, Plaintiff relies on a theory that the County Jail's discretionary policy for booking officers to classify an inmate as a minimum, medium, or maximum security threat allowed officers to negligently classify Plaintiff's attackers at a lower security level, ultimately resulting in the assault on Plaintiff. *Id.* Under this theory, Plaintiff contends that a dispute of material fact exists regarding whether the officer who booked Plaintiff's attackers had reasonable grounds to apprehend the danger that they posed if housed together with another detainee. *Id.*

To prevail on a negligence claim against a jail for injuries inflicted by other detainees, Washington law requires "proof of knowledge on the part of prison officials that such an injury will be inflicted, *or good reason to anticipate such*, and then there must be a showing of negligence on the part of these officials in failing to prevent the injury." *Winston v. State/Dept. of Corrections*, 130 Wn. App. 61, 64 (2005) (emphasis added). Under this standard, the question is whether "circumstances as developed by the

testimony are such that it can be said that the sheriff had reasonable ground to apprehend the danger." *Kusah v. McCorkle*, 100 Wash. 318, 323 (1918).

> [T]he question of whether the sheriff or his deputy was negligent in his manner of keeping the prisoners together in one common room in the jail depends upon a number of circumstances, among which was the question of what was safest and most humane for the prisoners; what was most conducive to their health, well-being, and safety; the character of the prisoners themselves, and their conduct; and possibly a number of other circumstances. . . . All these were questions of fact for the jury.

*Id.* at 323–24.

The Court finds that Plaintiff has raised a meritorious objection to the R&R's treatment of his negligence claim. Although the R&R properly noted that there is no genuine dispute as to whether Defendants lacked knowledge that the attack would happen, the R&R did not assess whether previous incidents involving one of Plaintiff's attackers gave jail staff "good reason to anticipate" the attack. Indeed, one of Plaintiff's attackers had no prior incidents involving conflict with others, and there is no evidence that jail staff could have reasonably anticipated violent behavior from him. Dkt. 32-8 at 1. However, the other attacker had two previous incidents involving near fights. *Id.* at 3, 6. In the first instance, Plaintiff's attacker was the aggressor and took two swings at another inmate, although he never made any physical contact. *Id.* at 3. In the second instance, Plaintiff's attacker was not the aggressor, and the report indicates that he merely held the aggressor down in order to prevent any fight from breaking out. *Id.* at 6.

The Court recognizes that Plaintiff has not made a strong case for recovery, especially considering that both of these incidents occurred approximately four years prior to Plaintiff's assault. *Id.* at 3, 6. It is possible that these reports do not rise to the

level of a genuine dispute under the standard of "good reason to anticipate" the attack. However, Neither the R&R nor the parties have offered convincing analysis on the meaning of this standard, and there is at least some evidence in the record to suggest that, in light of "the character of the prisoners themselves, and their conduct," the jail staff that booked Plaintiff's attackers had *some* reason to anticipate that housing them with another detainee would result in violence. Under *Kusah*, whether these reports constituted "*good reason to anticipate*" the attack on Plaintiff might be a question to be determined by a finder of fact. However, without further authority or guidance on the nebulous standard of "good reason to anticipate," the Court is unwilling to reach a conclusion on this issue and, therefore, the R&R is not adopted on this claim.

Even though the Court declines to adopt the R&R as it pertains to dismissing the negligence claim against the County, the Court declines to exercise continued supplemental jurisdiction over this state law claim. "[W]here a district court has dismissed all claims over which it has original jurisdiction, it may *sua sponte* decline to exercise supplemental jurisdiction over remaining state law claims." *Sikhs for Justice "SFJ," Inc. v. Facebook, Inc.*, 144 F. Supp. 3d 1088, 1096 (N.D. Cal. 2015) (quotation omitted). 28 U.S.C. § 1367(c) provides that:

> (c) The district courts may decline to exercise supplemental jurisdiction over a claim under subsection (a) if-
> (1) the claim raises a novel or complex issue of State law,
> (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction,
> (3) the district court has dismissed all claims over which it has original jurisdiction, or
> (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction.

28 U.S.C. § 1367 (emphasis added).

"[E]xercising discretion and deciding whether to decline, or to retain, supplemental jurisdiction over state law claims when any factor in subdivision (c) is implicated is a responsibility that district courts are duty-bound to take seriously." *Acri v. Varian Associates, Inc.*, 114 F.3d 999, 1001 (9th Cir. 1997), *supplemented*, 121 F.3d 714 (9th Cir. 1997), *as amended* (Oct. 1, 1997). "If the federal claims are dismissed before trial, the state law claims 'should' be dismissed." *Grant v. Alperovich*, 993 F. Supp. 2d 1356, 1366 (W.D. Wash. 2014) (quoting *United Mine Workers v. Gibbs*, 383 U.S. 715, 726 (1966)). *See also Carnegie–Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n. 7 (1988).

Plaintiff has only objected to the R&R's treatment of his negligence claim and the Court therefore adopts the R&R to the extent it dismisses all of Plaintiff's federal claims. This alone provides the Court with reason to decline supplemental jurisdiction over the remaining state law negligence claim. Additionally, the Court does not find that any considerations of convenience weigh in favor of exercising supplemental jurisdiction. Accordingly, whether the evidence presented by Plaintiff can withstand summary judgment under Washington's "good reason to anticipate" (or "reasonable ground[s] to apprehend") standard is an issue to be decided by a Washington State court.

Therefore, the Court having considered the R&R, Plaintiff's objections, and the remaining record, does hereby find and order as follows:

(1) The R&R is **ADOPTED in part** and **DENIED in part** as explained above;

(2) Plaintiff's claims under 42 U.S.C. § 1983 are **DISMISSED**;

(4) The Clerk shall **REMAND** this case, in which only Plaintiff's negligence claim remains, to Cowlitz County Superior Court.

Dated this 25th day of May, 2017.

BENJAMIN H. SETTLE
United States District Judge